■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES COKLEY, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 16, 1972, reversed, on the law and the facts, and the case is remanded to the Supreme Court, Bronx County, to reopen the suppression hearing for the taking of further testimony. Two patrolmen were checking a "communication" that a particular apartment was being used for narcotics sales. The police approached the superintendent and, after a conversation with him, they went upstairs to the apartment in question. The door was opened by the superintendent and he and the two officers entered the apartment. They ultimately reached the room in which the defendant and three others were located and saw them in possession of a "white powder" and other paraphernalia. The powder was ultimately determined to be heroin. Defendant was arrested and taken to the stationhouse. Certain statements made by the defendant were suppressed by the trial court; however, the physical evidence was not suppressed. The police had knowledge of the "communication" for at least two weeks prior to their

making the arrest. No warrant was obtained. The record does not support a finding that the police aid was solicited by the superintendent in order to remove alleged trespassers from the apartment. It could have been inferred from the evidence, with equal force, that the presence of the defendants in the apartment was with permission of the named lessee. In any event, the acts of the officers were not in consonance with eviction proceedings outlined in the Real Property Actions and Proceedings Law (see, e.g., § 749). In this posture, the police had no authority, absent a warrant, to enter the premises in question. Absent such authority, the conclusion is inescapable that the search and seizure was unreasonable (*Harris* v. *United States,* 331 U. S. 145, 150; *People* v. *Loria,* 10 N Y 2d 368) and the motion to suppress should have been granted. However, testimony on the suppression hearing and at the trial was incomplete and we are therefore remanding for a continued hearing to clarify the facts. The People's claim that the defendant lacks standing to contest denial of the suppression is raised for the first time on appeal. We find it to be without merit (*People* v. *Gonzalez,* 31 N Y 2d 787). Concur — Markewich, J. P., Lane and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: I must reiterate (see *People* v. *Munoz,* 40 A D 2d 337, 339) that it is unfortunate to have a stretching of technicalities in order to find a ground to upset the conviction of one clearly guilty of a narcotics violation. While it is not easy to object to a remand for the purpose of a hearing to clarify the facts and determine the status of the defendant with respect to the apartment, I think that there is sufficient uncontroverted evidence from which to conclude that the defendant was not the lessee of the apartment and had no legitimate claim to presence there. Consequently, there can be no suppression of the physical evidence taken there. The search and seizure provision of the Fourth Amendment [U. S. Const.] makes clear the right of "people to be secure in their persons, houses ". The peculiar status of one's own domicile for special treatment needs no further elaboration. The United States Supreme Court has emphasized most recently that the defendant must have a proprietary or possessive interest in the premises in order to suppress the evidence. (*Brown* v. *United States,* 411 U. S. 223; cf. *People* v. *Gonzalez,* 31 N Y 2d 787.) The Court of Appeals, in another area, in *People* v. *Miller* (32 N Y 2d 157, 160), pointed out that "persons within domiciles are in greater peril from those entering the domicile with criminal intent, than persons on the street who are being subjected to the same criminal intent." This is just one more aspect delineating the differentiation making the home the touchstone. Yet even in one's own room, where it is shared and there is " no reasonable expectation of privacy ", someone else with the right to entry, may consent to the search. (*People* v. *Wood,* 31 N Y 2d 975, 976.) Nonetheless, we find here that a defendant with no apparent right to possession or presence is, at this late date after conviction and sentence, being given a further opportunity to suppress the evidence.